UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:09-cv-0282-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION RE: |
| | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| vs. | ) | JUDGMENT (Doc. 20) |
| | ) | |
| Approximately $11,258.00 in U.S. Currency, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding with an action for forfeiture in this Court. Pending before the Court is Plaintiff's motion for default judgment, filed on August 31, 2009, with a supporting declaration of Autumn Magee, which proceeds before a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19). By separate order the hearing on the motion has been vacated, and the matter has been submitted to the Court for decision.

I. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the

1

armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules

prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. Id. The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G (4)(b). Id.

  II. Notice

    A. Publication

  Supplemental Rule G(4)(a) provides that a judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. The rule sets forth the

3

1 required contents of the notice, frequency of publication, and
2 means of publication.
3    Here, the amended declaration of publication of Autumn Magee
4 filed on August 31, 2009 (Doc. 19) establishes that a notice with
5 the required contents was published on the official government
6 internet site for thirty consecutive calendar days. Thus, the
7 Plaintiff has demonstrated publication that is sufficient
8 pursuant to Supplemental Rule G(4)(a).
9         B. <u>Notice to Known Potential Claimants</u>
10    Supplemental Rule G(4)(b) provides that the government must
11 send notice of the action and the complaint to any person who
12 reasonably appears to be a potential claimant; the rule specifies
13 the content, means, and time of the notice, and it expressly
14 provides that a potential claimant who had actual notice of a
15 forfeiture action may not oppose or seek relief from forfeiture
16 because of the government's failure to send the required notice.
17    Here, the verified complaint states that Defendant currency
18 was seized on June 23, 2008, from the right front pants pocket of
19 potential claimant Peter Warda at the residence of Mr. Warda,
20 2500 Black Walnut Drive, Modesto, California. (Doc. 1, ¶¶ 5, 8.)
21    With respect to Warda, the declaration of Autumn Magee (Doc.
22 20-2, ¶ 3) demonstrates that notice was given via mailing of the
23 pertinent documents to Warda's last-known address at 2500 Black
24 Walnut Drive, Modesto, California, on February 24, 2009. Further,
25 on March 11, 2009, the Marshal served Warda by leaving specified
26 documents with Warda's sister, a person of suitable age and
27 discretion, at an address described by the marshal as one of his
28 last known addresses. (Magee Decl., Doc. 20-2, Ex. B; Doc. 8.)

4

Finally, Magee declares that on July 6, 2009, copies of the pertinent documents were sent by way of United States mail, with certified mail receipt, to the same secondary last-known address for Peter Warda, namely, 3275 Wilkesboro Avenue, Modesto, California; the certified return receipt card was signed by William Warda on July 8, 2009. (Magee Decl., ¶ 6, Ex. D.)

This notice does not appear to comply with Local Rule A-540(a), which provides:

> (a) **Notice Required.** A party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given:
>
> (1) By publication, see L.R. A-530;
>
> (2) By personal service on the person having custody of the property;
>
> (3) If the property is in the hand of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and
>
> (4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided, however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Local Rule A-540(a) by its terms requires that there be "personal service" on the person having custody prior to possession by the law enforcement agency or officer. Plaintiff appears to admit that Peter Warda, from whom the Defendant currency was seized, is the only claimant requiring notice pursuant to Local Rule A-540(a)(2). (Motion p. 6, ll. 25-26.) Plaintiff claims that actual notice has been provided to Warda; however, the documentation submitted to the Court does not establish actual notice.

5

However, as Plaintiff points out, Fed. R. Civ. P. 4(n) provides:

> (n) **Asserting Jurisdiction over Property or Assets**.
>
> (1) **Federal Law**. The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

Here, notice was given to Warda in a manner that was sufficient to constitute service of summons under Rule 4, namely, by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion pursuant to Fed. R. Civ. P. 4(e)(2)(B).

The participation or interest of Adrin Faramarzpour in any of the events or transactions pertinent to this action is not described or set forth in either the verified complaint or the motion for default judgment. However, the Marshal's certificate reflects that Faramarzpour was personally served with appropriate notice documents on March 11, 2009. (Doc. 9.) It does not appear that Faramarzpour qualifies as a person who requires notice pursuant to Local Rule A-540.

The Court concludes that Plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

### C. Notice of Judgment Sought and of Motion for Default Judgment

#### 1. Judgment Sought

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from

6

the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant currency to the Plaintiff United States. (Cmplt. p. 3, ll. 27-28.)

### 2. Motion for Default Judgment

The application for default judgment before the Court was filed on an ex parte basis and thus was not served on the Defendant property or on any persons who might reasonably appear to be potential claimants.

Fed. R. Civ. P. 55(b)(2) requires written notice of an application for default judgment be served at least three days prior to the hearing on a defaulting party, or a representative thereof, who has appeared in the action. An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. In re Roxford Foods v. Ford, 12 F.3d 875, 879-81  (9th Cir. 1993).

Here, there are no indicia of a formal appearance or of informal contacts. Accordingly, no notice is necessary.

### III. Default and Entry of Default

The declarations and the Court's docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the

default of potential claimants Peter Warda and Adrin Faramarzpour on May 11, 2009.

### IV. Legal Sufficiency of the Complaint

#### A. Legal Standards

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the Defendant property, and venue; describe the property with reasonable particularity; identify the statute under which

8

the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

### B. The Complaint

The complaint filed in this action was verified.

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355 (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively) and 21 U.S.C. § 881 (subjecting to forfeiture all controlled substances manufactured, distributed, dispensed, or acquired in violation of the subchapter, as well as all money used or intended to facilitate any violation or furnished in exchange therefor or constituting proceeds traceable thereto). (Cmplt. ¶¶ 1, 3.)

The bases of venue are identified as 28 U.S.C. § 1395 (placing venue for a civil forfeiture proceeding where the property is found) and 21 U.S.C. § 881(j) (placing venue in the place where there is found the owner of property who is charged with a violation that is the basis for forfeiture of the property or where the criminal prosecution is brought). (Cmplt. ¶ 4.)

The property is described with reasonable particularity.

It is stated that the Plaintiff United States proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the Defendant currency, seized in June 2008 in Modesto, California, constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance of listed chemical, proceeds traceable to such an exchange, and/or money

9

used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. (Cmplt. ¶¶ 1-2.)

In the complaint there are alleged sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial. It is alleged that the property was taken in to the custody of United States Marshals after the Drug Enforcement Administration (DEA) adopted it for forfeiture proceedings on July 18, 2008. (Cmplt. ¶ 2.) The currency was seized on June 23, 2008, from the pocket of Peter Warda at Warda's residence at 2500 Black Walnut Drive in Modesto, California, where officers of the Modesto Police Department Narcotics Enforcement Team and Street Crimes Unit executed a search and found three stolen handguns, one of which was loaded, as well as over 1,000 Oxycodone pills, over 300 Hydrocodone pills, and about 98 glass ampules containing liquid steroids. After his arrest for possession of controlled substances for sale in violation of state statutes, Warda claimed that the Defendant currency was for the purchase of vehicles at auction or from the sale of two cars at Blue Diamond Auto Sales, which Warda claimed to own with his cousin, but whose name was not on any business ownership paperwork due to an outstanding debt for past medical bills, and who could not provide any receipts for the sales of any cars or a W-2 showing proof of income. Warda claimed that he was paid "under the table" for car sales and did not file taxes; EDD records reflected no employment history for Warda since 2006. (Cmplt. ¶¶ 5-8.)

These facts support a reasonable inference that the large sum of money was subject to forfeiture as proceeds or as money

10

intended to be exchanged for controlled substances or to facilitate other violations. Because of the amount of money and the proximity of the money in relation to the quantity of controlled substances and the multiple stolen handguns, a substantial connection between the property and the offenses (possession of the three substances for sale) was demonstrated.

### V. Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the Defendant property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

### VI. Form of the Judgment

A successful plaintiff in a forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

### VII. Recommendation

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

    (a) The interest/s of Peter Warda and Adrin Faramarzpour in the Defendant property are CONDEMNED and FORFEITED to the United States of America; and

    (b) The right, title, and interest of all potential claimants in the Defendant property, including but not limited to Peter Warda and Adrin Faramarzpour, are FORFEITED to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and are VESTED in the United States; and,

    (c) All persons claiming any right, title, or interest in or to the Defendant property have DEFAULTED and no longer have any right, title, or interest in the Defendant property whatsoever; and,

3. The Clerk of Court ENTER final judgment of forfeiture for Plaintiff United States of America.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then

12

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 20, 2009**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE